# EXHIBIT B

**Stein, Wendy R.**

| | |
|---|---|
| **From:** | Jonathan Stoler <jstoler@sheppardmullin.com> |
| **Sent:** | Monday, April 27, 2020 7:54 PM |
| **To:** | Stein, Wendy R. |
| **Cc:** | Margello, Sharon P.; Strach, Phillip J.; George Schwab; Eric Raphan; Adam Pekor |
| **Subject:** | RE: Precision Medicine Group, LLC et al v. Blue Matter, LLC et al; Case 1:20-cv-02974-PGG |

Wendy:

The purpose of our call tomorrow is to seek Defendants' consent to request that the court advance the date of the preliminary conference to next month. If Defendants are willing to consent to that request, Precision has no need to expedite the discovery process.

If Defendants are not willing to consent to an earlier preliminary conference date, we'd seek Defendants' consent to accept discovery requests before the conference and provide objections and responses within 30 days (in accordance with the Federal Rules). By way of example, we intend to seek production of the categories of documents listed below. However, these examples are by no means exhaustive and we do not intend to limit discovery to these categories of documents. Rather, we are interested in the fulsome discovery process contemplated by the Federal Rules – our only interest is to commence that process without undue delay.

If you are amenable to beginning the discovery process now, we'd also like to discuss our ESI protocols for this case. Initially, these would include providing our forensic expert (through mutually agreed-upon protocols) with access to the personal computers/external hard drives, PDAs, etc., in the individual Defendants' possession.

Precision is, of course, willing to produce its own documents in the same expeditious manner once we receive Defendants' discovery requests and put a confidentiality agreement in place.

We're happy to discuss any other issues you'd like to confer about on the call.

Looking forward to speaking with you tomorrow.

Jon

**Example Categories of Documents Sought From Blue Matter**

1. All internal communications between any employees or officers of Blue Matter [defined to include Salience Learning] concerning the solicitation, recruitment, or hiring of Ahmad, Jauregui, or Malhotra.

2. All communications between any employee or officer of Blue Matter and each individual defendant prior to that individual defendant's start date at Blue Matter.

3. All communications between any employees or officers of Blue Matter concerning the job duties and responsibilities of Ahmad, Jauregui, or Malhotra at Blue Matter (including but not limited to communications with Ahmad, Jauregui, and Malhotra themselves).

4. All communications between any employees or officers of Blue Matter concerning the terms and conditions of Ahmad, Jauregui, or Malhotra's employment at Blue Matter.

5. Any employment agreements or restrictive covenants to which Ahmad, Jauregui, or Malhotra agreed at Blue Matter.

6. Ahmad, Jauregui, and Malhotra's personnel files.

7. All communications between Ahmad, Jauregui, or Malhotra and any Blue Matter client or prospective client concerning the solicitation of business or provision of services to that client/prospective client.

8. All internal communications at Blue Matter concerning the nature, status, or development of its market access consulting business.

9. All communications between any employee or officer of Blue Matter and any third party advertising, marketing, offering, or providing market access consulting services.

10. All internal communications between any employees or officers of Blue Matter concerning Precision or ISA.

11. All documents on any Blue Matter system concerning Precision or ISA or containing any information developed by Precision or ISA, including any information developed by Ahmad, Jauregui, or Malhotra while they were employees of Precision or ISA.

12. All documents containing any Blue Matter customer lists.

13. All Blue Matter customer contracts or master service agreements relating in any way to the provision of market access or pharmaceutical commercialization consulting services.

**Example Categories of Documents Sought From Each Individual Defendant**

1. All communications between the individual defendant and any officer or employee of Blue Matter prior to the individual defendant's start date at Blue Matter.

2. All communications between the individual defendant and anyone else concerning Blue Matter prior to the individual defendant's start date at Blue Matter.

3. All communications between the individual defendant and anyone else concerning the restrictive covenants at Precision to which the individual defendant agreed.

4. All communications between the individual defendant and anyone else regarding the individual defendant's job duties and responsibilities at Blue Matter.

5. All communications between the individual defendant and anyone else concerning Blue Matter's market access consulting services.

6. All communications between the individual defendant and anyone at any Precision/ISA client to which the individual defendant provided services while employed at Precision/ISA concerning the individual defendant's employment with Blue Matter.

7. All communications between the individual defendant and any existing or prospective Blue Matter client concerning the solicitation of business or provision of services to that client/prospective client.

8. All communications between the individual defendant and any officer or employee of Blue Matter concerning Precision or ISA or any information developed by Precision or ISA, including any information developed by the individual defendant while employed at Precision/ISA.

9. All communications between the individual defendant and anyone else (including emails from any individual defendant to himself/herself) containing any information developed by Precision or ISA, including information developed by the individual while employed at Precision/ISA.

10. Any personal computer, hard drive, PDA, or other device on which the individual defendant performed any work while employed at Precision/ISA.

**Jonathan Stoler**
+1 212-634-3043 | direct
jstoler@sheppardmullin.com | Bio

**Sheppard**Mullin
30 Rockefeller Plaza

New York, NY 10112-0015
+1 212-653-8700 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** "Stein, Wendy R." <WStein@gibbonslaw.com>
**Date:** April 27, 2020 at 5:05:18 PM EDT
**To:** Jonathan Stoler <jstoler@sheppardmullin.com>
**Cc:** "Margello, Sharon P." <Sharon.Margello@ogletreedeakins.com>, "Strach, Phillip J." <Phil.Strach@ogletreedeakins.com>, George Schwab <gs@kzlaw.net>, Eric Raphan <eraphan@sheppardmullin.com>, Adam Pekor <APekor@sheppardmullin.com>
**Subject: RE:  Precision Medicine Group, LLC et al v. Blue Matter, LLC et al; Case 1:20-cv-02974-PGG**

Jon:

It's now close of business the night before your scheduled meet and confer, and we still have not received any of the discovery requests that you seek Defendants' consent to serve.

Please send those requests so that we may have a productive call tomorrow.  Further, please send a copy of the 2017 Equity Purchase Agreement referred to in Precision's complaint.

Regards,
Wendy

Wendy R. Stein
Director
Gibbons P.C.
One Pennsylvania Plaza
37th Floor
New York, NY 10119
Direct: 212.613.2043
Mobile: 917.806.9390

wstein@gibbonslaw.com   |  www.gibbonslaw.com
Newark | **New York** | Trenton | Philadelphia | Wilmington | Florida | Washington D.C.

**From:** Jonathan Stoler <jstoler@sheppardmullin.com>
**Sent:** Thursday, April 23, 2020 3:08 PM
**To:** Stein, Wendy R. <WStein@gibbonslaw.com>
**Cc:** Margello, Sharon P. <Sharon.Margello@ogletreedeakins.com>; Strach, Phillip J. <Phil.Strach@ogletreedeakins.com>; George Schwab <gs@kzlaw.net>; Eric Raphan

3

<eraphan@sheppardmullin.com>; Adam Pekor
<APekor@sheppardmullin.com>
**Subject:** Re: Precision Medicine Group, LLC et al v. Blue Matter, LLC et al; Case 1:20-cv-02974-PGG

Wendy:

We are available on Tuesday at 10:30 am. Once you confirm availability, we will circulate an invite and dial-in.

In terms of our discovery requests, they would cover many of the usual items that I'm assuming everyone copied here has seen in other restrictive covenant/trade secret misappropriation cases, including but not limited to electronic communications and other forms of ESI. That said, we are happy up provide some specific examples prior to our call.

Thanks,

Jon

Jonathan Stoler
212.634.3043 (direct)
917.453.4038 (mobile)
jstoler@sheppardmullin.com

**SheppardMullin**
Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10012-0015
212.653.8700 (main)
www.sheppardmullin.com

> On Apr 23, 2020, at 11:34 AM, Stein, Wendy R. <WStein@gibbonslaw.com> wrote:
>
> Jon,
>
> We are considering the requests in your email. Are you available to meet and confer on Monday or Tuesday after 10 am?
>
> In addition, can you provide information about the interrogatories and document requests that you seek consent to serve?

4

Thanks,
Wendy

Wendy R. Stein
Director
Gibbons P.C.
One Pennsylvania Plaza
37th Floor
New York, NY 10119
Direct: 212.613.2043
Mobile: 917.806.9390

wstein@gibbonslaw.com   |
www.gibbonslaw.com
Newark  |  **New York**  |  Trenton  |  Philadelphia  |  Wilmington  |  Florida  |  Washington D.C.

---

**From:** Jonathan Stoler <jstoler@sheppardmullin.com>
**Sent:** Wednesday, April 22, 2020 12:27 PM
**To:** Margello, Sharon P. <Sharon.Margello@ogletreedeakins.com>; Strach, Phillip J. <Phil.Strach@ogletreedeakins.com>; George Schwab <gs@kzlaw.net>; Stein, Wendy R. <WStein@gibbonslaw.com>
**Cc:** Eric Raphan <eraphan@sheppardmullin.com>; Adam Pekor <APekor@sheppardmullin.com>
**Subject:** Precision Medicine Group, LLC et al v. Blue Matter, LLC et al; Case 1:20-cv-02974-PGG

Counsel:

Thank you for accepting service of the complaint on behalf of your clients.  I'm writing now to seek your consent to a joint request to move up the preliminary conference before Judge Gardephe currently scheduled for August 20, 2020.  Given the nature of this dispute, we believe it is in the best interest of all parties that discovery in this case not be delayed.  Further, since the courthouse is closed except for emergency matters, any conferences for the foreseeable future will be held remotely, which should minimize any issues with scheduling and availability.

5

If you agree to move up the preliminary conference, we would suggest a date during the week of May 25th.  Please let us know if you are amenable to that schedule and, if so, we will draft a letter to the Court.

Alternatively, if your preference is to keep the preliminary conference scheduled for August 20th, we would request your consent to expedite discovery to allow the parties to serve pre-answer interrogatories and document requests.

Please let me know if you consent to our requests to move up the preliminary conference and/or expedite discovery, or if would like to have a call to meet and confer regarding the same.

Thank you,

**Jonathan Stoler**
+1 212-634-3043 | direct
jstoler@sheppardmullin.com | Bio

**Sheppard**Mullin
30 Rockefeller Plaza
New York, NY 10112-0015
+1 212-653-8700 | main
www.sheppardmullin.com | LinkedIn | Twitter

<u>Attention:</u> This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

<120042311315300625>

**Disclaimer**
The contents of this message, together with any attachments, may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, printing, or

6


copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify me immediately by reply e-mail or call Gibbons P.C. at 973-596-4500 and delete this message, along with any attachments, from your computer.

Case 1:20-cv-02974-PGG   Document 27-2   Filed 06/08/20   Page 8 of 8