Case 1:20-cv-02974-PGG Document 82-1 Filed 10/14/20 Page 2 of 15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PRECISION MEDICINE GROUP, LLC, PRECISIONADVISORS GROUP, INC., and PRECISION MEDICINE GROUP HOLDINGS, INC.,

Plaintiffs,

v.

BLUE MATTER, LLC, NAINA AHMAD, JOSE JAUREGUI, and MRIDUL MALHOTRA,

Defendants.

Protective Order

Case No: 1:20-cv-02974 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

WHEREAS, the parties to this action (collectively the “Parties” and individually a “Party”) request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case

will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action; for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order – including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order — shall adhere to the following terms:

1.  Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material" and Highly Confidential Discovery Material," respectively) shall not disclose such Confidential Discovery Material to anyone except as expressly permitted hereunder.

2.  The person producing any given Discovery Material may designate as Confidential only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is used and that consists of:

(a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously non-disclosed material relating to ownership or control of any non-public company;

(c) previously non-disclosed business plans, product-development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual; or

(e) any other category of information hereinafter given confidential status by the Court.

3. The person producing any given Discovery Material may designate as Highly Confidential – Attorneys' Eyes Only only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is used and that consists of:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously nondisclosed technical information or trade secrets; or

(c) any other category of information hereinafter given highly confidential – attorneys' eyes only status by the Court.

4. With respect to the Confidential or Highly Confidential – Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the producing

person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility.

5. With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential or Highly Confidential – Attorneys' Eyes Only either by (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential – Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential – Attorneys' Eyes Only Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 14 calendar days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or Highly Confidential – Attorneys' Eyes Only, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 14-calendar day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Highly Confidential – Attorneys' Eyes Only.

6. If at any time prior to the trial of this action a producing person realizes that some portion(s) of Discovery Material that she, he or it had previously produced without limitation, should be designated as Confidential or Highly Confidential – Attorneys' Eyes Only, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and

Case 1:20-cv-02974-PGG Document 83-1 Filed 10/15/20 Page 6 of 15

thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be treated as Confidential or Highly Confidential – Attorneys' Eyes Only under the terms of this Protective Order.

7. No person subject to this Protective Order other than the producing person shall disclosure any of the Discovery Material designated by the producing person as Confidential to any person whomsoever except to:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

Case 1:20-cv-02974-PGG Document 82-1 Filed 10/14/20 Page 7 of 15

(g) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h) stenographers engaged to transcribe depositions conducted in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

8. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential – Attorneys' Eyes Only to any other person whomsoever, except to:

(a) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(b) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(c) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(d) as to any document, its author, its addressee, any person indicated on the face of the document as having received a copy; or any other person characterized within a document as either the source of the information contained within the document

or involved in the subject matter of the document, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(f) stenographers engaged to transcribe depositions conducted in this action;

(g) this Court, including any appellate court, and the court reporters and support personnel for the same; and

(h) one (1) designated person affiliated with Plaintiffs (collectively) and Defendant Blue Matter, and one Individual Defendant, who shall be permitted to view materials designated as Highly Confidential- Attorneys' Eyes Only for the sole purpose of assisting with this litigation, the names of whom shall be provided to all Parties in advance of any such disclosure, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

9. Prior to any disclosure of any Confidential or Highly Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(e), 7(f), 7(g), 8(c), 8(d), 8(e) or 8(h) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that this person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, and produce it in a Notice to opposing counsel with the person's CV five (5) business days in advance of providing any Confidential or Highly Confidential Discovery Material to said person. If no objection is received during the five day

period, counting the day of notice as Day One, the disclosure of Discovery Material may be made to such person.

10. In accordance with paragraph 2 of this Court's Individual Practices, any party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006).

11. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

12. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

13. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with this Court's Individual Practices in Civil Cases.

14. Whenever the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by a producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within fourteen (14) calendar days after receiving notice of the inadvertent or mistaken disclosure, counting the date of receipt of such notice as day one.

15. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. The Receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If the third party does not seek a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

16. Recipients of Confidential or Highly Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and

any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

17. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential or Highly Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

18. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential – Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

19. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the

person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

20. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," and all copies thereof, shall be promptly destroyed, and a written notice certifying such destruction sent to the Producing Party.

21. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: October 14, 2020

/s/ Eric Raphan
Jonathan Stoler, Esq.
Eric Raphan, Esq.
Adam Pekor, Esq.
**SHEPPARD MULLIN RICHTER & HAMPTON**
30 Rockefeller Plaza
New York, NY 10012-0015
Tel: (212) 653-8700

*Counsel for Plaintiffs Precision Medicine Group, LLC, PRECISIONadvisors Group, Inc., and Precision Medicine Group Holdings, Inc.*

/s/ Phillip J. Strach
Phillip J. Strach
Sharon P. Margello
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
8529 Six Forks Road,
Forum IV, Suite 600
Raleigh, NC 27615
Tel: (919) 789-3179

*Counsel for Defendant Blue Matter LLC*

/s/ Wendy R. Stein
Wendy R. Stein
Paul A. Saso
Jessica A. Huse
**GIBBONS P.C.**
1 Pennsylvania Plaza,
37th Floor
New York, NY 10119
Tel: (212) 613-2000

*Counsel for Individual Defendants Naina Ahmad, Jose Jauregui & Mridul Malhotra*

Dated: October 15, 2020
New York, New York

SO ORDERED.

Paul G. Gardephe
United States District Judge

Case 1:20-cv-02974-PGG Document 83 Filed 10/14/20 Page 13 of 14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRECISION MEDICINE GROUP, LLC, PRECISIONADVISORS GROUP, INC., and PRECISION MEDICINE GROUP HOLDINGS, INC.,

Plaintiffs,

v.

BLUE MATTER, LLC, NAINA AHMAD, JOSE JAUREGUI, and MRIDUL MALHOTRA,

Defendants.

Case No: 1:20-cv-02974 (PGG)

**EXHIBIT A:**

**NON-DISCLOSURE AGREEMENT**

I, ___________________________, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential Attorneys' Eyes Only. I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Case 1:20-cv-02974-PGG Document 81 Filed 10/14/20 Page 15 of 15

______________________________________

Dated: