**Ogletree Deakins**

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

10 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: 973-656-1600
Facsimile: 973-656-1611
www.ogletree.com

jennifer.rygiel-boyd@ogletree.com

September 23, 2021

**BY ECF**
The Honorable Paul G. Gardephe, U.S.D.J.
United States District Court for the
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

      Re:   *Precision Medicine Group LLC et al. v. Blue Matter LLC et al.*
              **Civ. No. 1:20-cv-02974(PGG)**

Dear Judge Gardephe:

      On behalf of Defendant Blue Matter LLC ("Blue Matter" or "Defendant"), we respectfully request leave to file certain documents relating to the Motions for Summary Judgment filed by the Parties under seal and/or redacted.

      The documents that Blue Matter seeks to file under seal and/or redacted contain highly confidential proprietary and trade secret information. They have been designated "Highly Confidential—Attorneys Eyes Only" by Defendant under the Protective Order entered by this Court at Docket Entry No. 81-1. In particular, these documents and exhibits contain information regarding Blue Matter clients that would cause harm to Blue Matter and its clients if the information is disseminated. Blue Matter has limited the sealing and redactions to client work product and identifying information regarding clients. Consistent with the precedent of this District and the Second Circuit, we respectfully request that this third-party client information be sealed. *See United States v. Amodeo,* 71 F.3d 1044, 1050 (2d Cir. 1995) ("[t]he privacy interests of innocent third parties ... should weigh heavily in a court's balancing equation"); *Cunningham v. Cornell Univ.*, No. 16-CV-6525 (PKC), 2019 WL 10892081, at *2 (S.D.N.Y. Sept. 27, 2019) (noting that court's routinely seal confidential third party documents because "competitors are not entitled to a free look at what strategies non-parties employ")(internal citations omitted); *Cohen v. Gerson Lehrman Grp., Inc*., No. 09 Civ. 4352 (PKC), 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (permitting sealing of individual contact information of non-party clients of plaintiff).

Plaintiffs' Exhibits

      We respectfully request the the following exhibits and deposition transcripts being submitted by Plaintiffs in connection with the parties' summary judgment briefing be filed under seal and/or redacted:

      Plaintiffs' Exhibits: 65, 66, 67, 68, 69, 70, 72, 73, 77, 89, A, R, and S.

A South Carolina Professional Corporation ■ Peter O. Hughes ■ New Jersey Managing Shareholder

Atlanta • Austin • Berlin (Germany) • Birmingham • Bloomfield Hills • Boston • Charleston • Charlotte • Chicago • Cleveland • Columbia • Dallas • Denver • Detroit Metro • Greenville
Houston • Indianapolis • Jackson • Kansas City • Las Vegas • London (England) • Los Angeles • Memphis • Mexico City (Mexico) • Miami • Milwaukee • Minneapolis
Morristown • Nashville • New Orleans • New York City • Oklahoma City • Orange County • Paris (France) • Philadelphia • Phoenix • Pittsburgh • Portland • Raleigh • Richmond
St. Louis • St. Thomas • Sacramento • San Antonio • San Diego • San Francisco • Seattle • Stamford • Tampa • Toronto (Canada) • Torrance • Tucson • Washington

The Honorable Paul G. Gardephe, U.S.D.J.
September 23, 2021
Page 2

    Gerhard Tr.: 198:2; 200:2; 201:8; and 205:19

    Dandekar Tr.: 29:17, 20-25; 76:4-5; 238:6-7; 263:4; 269:15, 291:3, 10, 13, 20; 292:4, 12; 293:11; 294:4, 7; 296:16-17; 297:1; 330:2-10; and 336:19, 22

    Scull Tr.: 208:25; 209:2-3, 5-6, 23; 210:2, 16; 211:6-7; 212:6; 217:2-3; 339:20-23; 340:10; 346:2, 7

    Putcha Tr.: 78:22, 25; 87:9; 139:3, 9; 141:17, 24; 142:22

    Jauregui Tr.: 276:2, 5, 9; 277:4; 278:5; 281:17; 284:6; 287:7; 288:15

    Malhotra Tr.: 70:23; 71:3

Defendant's Exhibits

Additionally, we respectfully request the the following deposition transcripts being submitted by Defendant in connection with the parties' summary judgment briefing be filed under seal and/or redacted:

    Defendant's Exhibit: 21

    Jauregui Tr.: 277:4; 278:4-5; 281:17; 284:6; 370:24; 371:18;

    Malhotra Tr.: 70:23; 71:3; 200:25; 201:2-3; 283:3, 7, 12; 309:24; 310:2, 4, 23, 24; 311:3, 6, 9; 314:4-6, 17, 19, 25; 315:2

    Scull Tr.: 178:8, 12; 179:18; 208:25; 209:2-3, 6, 23-24; 210:2, 16, 19; 211:6-7; 212:6; 213:5; 217:2-3

    Putcha Tr.: 103:5, 25

    Dandekar Tr: 76:3-5; 269:15; 291:3, 10, 13, 20, 21; 292:4, 12; 293:11; 326:9; 327:2; 328:25; 329:17; 330:3

The Parties' Briefing and Local Rule 56.1 Statements

Further, Blue Matter respectfully requests that all references to the confidential information and trade secrets (namely, Blue Matter's customers' names) contained in the parties' briefing and Local Rule 56.1 statements should also be submitted under seal and/or redacted.

The Honorable Paul G. Gardephe, U.S.D.J.
September 23, 2021
Page 2

  We thank the Court for its kind consideration of this request.

                 Respectfully submitted,

                 OGLETREE, DEAKINS, NASH,
                 SMOAK & STEWART, P.C.

                 By: /s/ Jennifer Rygiel-Boyd
                   Jennifer Rygiel-Boyd

JRB/pmu

cc: Jonathan Stoler, Esq. (by ECF)
   Eric D. Raphan, Esq. (by ECF)
   Adam Pekor, Esq. (by ECF)
   Phillip Strach, Esq. (by ECF)
   Michael B. Cohen, Esq. (by ECF)
   Carmen J. DiMaria, Esq. (by ECF)

48676707.1

MEMO ENDORSED: In connection with their motions for summary judgment, the parties have moved to seal large portions of their papers and file redacted versions on the public docket. (Dkt. Nos. 142, 169)

Plaintiffs wish "to file under seal certain exhibits attached to: (i) the Appendix to Precision's Local Rule 56.1 Statement of Material Undisputed Facts (the '56.1 Appendix'); and (ii) the Appendix to Precision's Response to Blue Matter's Separate Statement of Material Facts (the 'Counter 56.1 Appendix' and, collectively with the 56.1 Appendix, the 'Appendices')." (Pltf. Mot. (Dkt. No. 142) at 1) Plaintiff also requests that this Court permit Defendant "to file under seal a single exhibit attached to its Separate Statement of Material Facts." (Id.) Finally, Plaintiffs note that they "will electronically file [more than thirty-five] exhibits attached to the Appendices under seal and/or with redactions at the request of Defendant . . . and former defendants Naina Ahmad and Jose Jauregui." (Id. at n.1) In total, Plaintiffs propose redacting or sealing more than 1,200 pages of material submitted in connection with the parties' motions for summary judgment.

Defendant states that it seeks "to file under seal and/or redact[] [documents] contain[ing] highly confidential proprietary and trade secret information" and "all references to the confidential information and trade secrets (namely Blue Matter's customers' names) contained in the parties' briefing and Local Rule 56.1 statements." (Def. Mot. (Dkt. No. 169)) Defendant requests that this Court permit (1) Plaintiff to file under seal or redact nineteen documents and deposition transcripts and (2) Defendant to file redacted versions of five documents. (Id.)

Although the parties propose to file under seal and/or redact 1200 pages of material, their sealing motions make only passing references to the standard for sealing set forth in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006) and its progeny. And while the parties assert that their proposed redactions are necessary to protect "highly confidential," "trade secret," or client-related information, they have not presented the individualized analysis required under Lugosch. The Second Circuit has instructed that "'documents may be sealed [only] if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" Lugosch, 435 F.3d at 120 (quoting In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987)). Accordingly, a party seeking to file documents under seal in connection with a pending motion must justify sealing on an individualized basis, demonstrating that sealing is appropriate as to each document at issue, and that the proposed sealing "is narrowly tailored to serve [the asserted] interest [in confidentiality]." The sealing motions pending before this Court do not meet this standard. Accordingly, they are denied without prejudice.

Any renewed motion to seal is to be filed by February 28, 2023, and must be narrowly tailored in accordance with Lugosch. The parties must also present their proposed redactions in a format that is practical for the Court to review. In particular, documents for which the parties seek redaction or sealing should be organized into categories, according to the "higher value" served by redaction or sealing. Each category of documents should be indexed with reference to a document's individual docket number on ECF. The parties' sealing or redaction requests as to each category of documents must be directly supported by relevant case law. To the extent that the parties are seeking to seal or redact an exhibit at the request of another party or a non-party, they must nonetheless justify their request under Lugosch and its progeny.

The Clerk of Court is directed to terminate the motions at Dkt. Nos. 146 and 169.

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge
Date: February 14, 2023