Jonathan Stoler
Eric Raphan
Adam Pekor
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, New York 10112
(212) 653-8700

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRECISION MEDICINE GROUP, LLC, PRECISIONADVISORS GROUP, INC., and PRECISION MEDICINE GROUP HOLDINGS, INC., <br><br>                     Plaintiffs, <br><br> v. <br><br> BLUE MATTER, LLC, <br><br>                     Defendant. | Case 1:20-cv-02974 <br><br> **PLAINTIFFS' UNOPPOSED NOTICE OF MOTION FOR** <u>**LEAVE TO FILE UNDER SEAL**</u> |

**PLEASE TAKE NOTICE** that, upon the annexed Renewed Motion to File Exhibits Under Seal; the Declaration of Jonathan Stoler, dated February 27, 2023, with exhibits annexed thereto; and upon all of the papers and proceedings herein, Plaintiffs Precision Medicine Group, LLC, PRECISIONadvisors Group, Inc., and Precision Medicine Group Holdings, Inc., (collectively, "Plaintiffs") by and through their undersigned counsel, Sheppard, Mullin, Richter & Hampton, LLP, will move this Court before the Honorable Paul G. Gardephe, on the date designated by the Court, at Courtroom 705 at the Thurgood Marshall United States Courthouse in the Southern District of New York located at 40 Foley Square, New York, NY 10007, for an order permitting Plaintiffs to file under seal (1) Exhibit 56 to Plaintiffs' Rule 56.1 Statement (Dkt. Nos. 149-14 through Dkt. 149-19); (2) Exhibit 73 to Plaintiffs' Rule 56.1 Statement (Dkt. 149-30), (3)

Exhibit 77 to Plaintiffs' Rule 56.1 Statement (Dkt. 149-31), (4) Exhibit 78 to Plaintiffs' Rule 56.1 Statement (Dkt. 149-32), (5) Exhibit 82 to Plaintiffs' Rule 56.1 Statement (Dkt. 149-33), (6) Exhibit 84 to Plaintiffs' Rule 56.1 Statement (Dkt. 149-34), (7) Exhibit D to Plaintiffs' Counter Statement to Rule 56.1 Statement (Dkt. 160-3), (8) Exhibit E to Plaintiffs' Counter Statement to Rule 56.1 Statement Dkt. 160-4, (9) Exhibit F to Plaintiffs' Counter Statement to Rule 56.1 Statement (Dkt. 160-5), (10) Exhibit G to Plaintiffs' Counter Statement to Rule 56.1 Statement (Dkt. 160-6), (11) Exhibit H to Plaintiffs' Counter Statement to Rule 56.1 Statement (Dkt. 160-7), (12) Exhibit I to Plaintiffs' Counter Statement to Rule 56.1 Statement (Dkt. 160-8), (13) Exhibit J to Plaintiffs' Counter Statement to Rule 56.1 Statement (Dkt. 160-9), (14) Exhibit K to Plaintiffs' Counter Statement to Rule 56.1 Statement (Dkt. 160-10), (15) Exhibit L to Plaintiffs' Counter Statement to Rule 56.1 Statement (Dkt. 160-11), (16) Exhibit M to Plaintiffs' Counter Statement to Rule 56.1 Statement (Dkt. 160-12), (17) Exhibit N to Plaintiffs' Counter Statement to Rule 56.1 Statement (Dkt. 160-13), (18) Exhibit P to Plaintiffs' Counter Statement to Rule 56.1 Statement (Dkt. 160-14), (19) Exhibit R to Plaintiffs' Counter Statement to Rule 56.1 Statement (Dkt. 160-15), (20) Exhibit 20 to Defendant Blue Matter's Rule 56.1 Statement (Dkt. 171-3), (21) Exhibit 17 to Plaintiffs' Rule 56.1 Statement (Dkt. Nos. 149-7 through 149-11), and (22) Exhibit 45 to Plaintiffs' Rule 56.1 Statement (Dkt. 149-12), and for such other and further relief as the Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE THAT** counsel for Defendants Blue Matter, LLC do not oppose this motion.

Dated: New York, New York
February 28, 2023

                        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                        By:    */s/ Jonathan Stoler*
                               Jonathan Stoler
                               Eric Raphan
                               Adam Pekor
                               30 Rockefeller Plaza
                               New York, New York 10112
                               Telephone: (212) 653-8700

                               *Attorneys for Plaintiffs*

**MEMO ENDOSRED:** The parties have filed renewed motions to seal or redact large swaths of documents filed in connection with their cross-motions for summary judgment in this trade secrets dispute. (See Dkt. Nos. 182, 184, 188). Defendant's motion (Dkt. No. 184) and non-party Jose Jaregui's motion (Dkt. No. 188) are granted in their entirety. Plaintiffs' motion is granted as to the documents listed in the table titled "Category 1" in Plaintiffs' memorandum of law. (Pltf. Br. (Dkt. No. 185) at 3-6)

As to the documents listed in the table titled "Category 2" in Plaintiffs' memorandum of law, Plaintiffs seek to seal "only two documents containing sensitive and confidential financial information concerning its acquisition of ISA and the Company's market access business, including deferred consideration payment methodologies." (Id. at 8, 11) The first is "an equity purchase agreement" for Precision's purchase of another company. (Dkt. Nos. 149-7-149-11) The Second is a letter from Plaintiffs' founder to the founder of the target company. (Dkt. No. 149-12) The two documents total over 150 pages in length. As to this information, Plaintiffs represent that the "documents contain confidential financial information concerning Precision's acquisition of ISA and the Company's market access business, including deferred consideration payment methodologies." (Pltf. Br. (Dkt. No. 185) at 8) Plaintiffs do not explain how the disclosure of these materials would lead to "competitive disadvantage" or why "the risk of [such] competitive harm outweighs the public right of access." Rowe v. Google LLC, 2022 WL 4467628, at *2 (S.D.N.Y. Sept. 26, 2022) (citing Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006)). Plaintiffs argue only that "documents containing these categories of information are routinely sealed." (Pltf. Br. (Dkt. No. 185) at 11) This is inadequate. Even assuming that some of the information contained within these documents could properly be redacted, Plaintiffs have not demonstrated that their request to seal these documents in their entirety is "narrowly tailored to achieve" a cognizable higher purpose under relevant case law. See Lugosch, 435 F.3d at 124. Accordingly, Plaintiffs' motion is denied as to the documents listed in the table titled "Category 2" in Plaintiff's memorandum of law will be unsealed.

The Clerk of Court is directed to terminate the motions (Dkt. Nos. 182, 184, 188) and to unseal and make visible to the public the documents at Dkt. Nos. 149-7, 149-8, 149-9, 149-10, 149-11, and 149-12.

SO ORDERED.

*/s/ Paul G. Gardephe*
_____
Paul G. Gardephe
United States District Judge
Date: September 21, 2023