# SheppardMullin

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

Jonathan H. Stoler
212.634.3043 direct
jstoler@sheppardmullin.com

September 26, 2025

**VIA ECF**

Hon. Sarah L. Cave
U.S. Magistrate Judge
U.S. District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> The Court is in receipt of Plaintiffs' motion to compel (Dkt. No. 205 (the "Motion")) as well as Defendant's response (Dkt. No. 208). A telephone conference to discuss the Motion is scheduled for **October 16, 2025 at 4:00 p.m. ET** on the Court's conference line. The parties are directed to call (855) 244-8681; access code: 2308 226 4654 at the scheduled time.
>
> SO ORDERED.   October 1, 2025
>
> *Sarah Cave* (signature)
> SARAH L. CAVE
> United States Magistrate Judge

Re:   *Precision Medicine Group, LLC, et al. v. Blue Matter, LLC, et al.*, Case No. 1:20-cv-02974

Dear Magistrate Judge Cave:

This firm represents the Plaintiffs (collectively, "Precision" or the "Company") in the above-referenced matter. In light of Judge Gardephe's decision on the parties' competing motions for summary judgment earlier this week, we write to renew Precision's request for an order compelling Defendant Blue Matter, LLC ("Blue Matter") to supplement its discovery responses with documents and information necessary for Precision to calculate its damages in this case (the "Request").

## RELEVANT BACKGROUND

On July 2, 2020, Precision filed the Amended Complaint in this case, alleging, among other things, that Blue Matter misappropriated the Company's trade secrets and other confidential information in an effort to establish a competing pharmaceutical Market Access consulting business. (Dkt 42).[1]

On September 23, 2021, Precision moved for partial summary judgment and Blue Matter moved for summary judgment on all claims. (Dkt. 143, 154).

On July 11, 2023, while the parties' motions for summary judgment were pending, Precision filed the Request, seeking an order compelling Blue Matter to supplement its production with:

> (i) all documents not previously produced concerning Blue Matter's provision of any Market Access consulting services to any Precision Market Access client; and
>
> (ii) updated information concerning all revenue Blue Matter has generated from the provision of any Market Access consulting services to date.

(Dkt. 189).

---

[1] The term Market Access is defined in the Court's December 15, 2020 Order. (Dkt. 109).

In addition, Precision requested that Blue Matter be ordered to disclose whether it used the previously ordered search terms to search for any documents concerning its continued use of Precision's trade secrets and, if it did not use those search terms, to do so. (*Id.*).

As Precision explained in its Request, if it prevails on its trade secrets claims, the Company will be able to recover damages based on, among other measures, the amount by which Blue Matter has been unjustly enriched through the use of Precision's trade secrets to develop its own Market Access business. *See* 18 U.S.C. § 1836(b)(3)(B)(i)(II). Accordingly, the requested documents and information are essential to the calculation of Precision's damages. Yet Blue Matter has not supplemented its discovery responses concerning these or any other issues since February 18, 2021.

On July 19, 2023, Your Honor held a telephonic conference concerning Precision's Request. At that time, counsel for Blue Matter argued that Precision's Request was premature because its trade secrets claims might be dismissed on summary judgment:

> Mr. Strach: If our arguments are successful, Your Honor, all the claims will be dismissed. … [A]nd certainly we think of all the claims, we think that the trade secrets claim frankly has the best shot of being dismissed. …
>
> Court: On the argument, as you alluded to before, that the information is generic and is not a trade secret?
>
> Mr. Strach: Correct.

(Dkt. 194, p. 15).

Your Honor agreed on this point and denied Precision's Request without prejudice to renewal following the Court's decision on the parties' motions for summary judgment. (Dkt. 193). Your Honor also directed Blue Matter to confirm that the documents and information at issue in the Request were being preserved. (*Id.*).[2]

With respect to the question of Blue Matter's search for documents concerning its continued use of Precision's trade secrets, Blue Matter's counsel represented that no search had been conducted, but that Blue Matter's CEO, Ashwin Dandekar, advised Blue Matter's counsel that Blue Matter had not used any Precision documents or information during the time period in question. (Dkt. 194, pp. 24-25). In light of Your Honor's decision on Precision's requests for supplemental production, Your Honor also denied, without prejudice to renewal, Precision's request to have Blue Matter conduct the requested search.

On September 22, 2025, the Court decided the parties' summary judgment motions. The Court denied Blue Matter's motion with respect to Precision's trade secrets and unfair competition claims and granted Blue Matter's motion with respect to Precision's tortious interference and aiding and abetting claims.[3] (Dkt. 204). In denying Blue Matter's motion on Precision's trade

---

[2] During the conference, Blue Matter's counsel indicated he was certain that updated revenue information could be produced.

[3] The Court denied Precision's partial motion for summary judgment in its entirety.

**SheppardMullin**

Hon. Sarah L. Cave
September 26, 2025
Page 3

secret and unfair competition claims, the Court explicitly rejected Blue Matter's contention that the information at issue "principally consisted of … generic templates or language recycled throughout the industry." (Dkt. 204, p. 62). Accordingly, the Court ordered the parties to proceed to a trial on Precision's trade secrets and unfair competition claims beginning on November 10, 2025. (Dkt. 204).

On the morning of September 26th, counsel for Precision met and conferred with counsel for Blue Matter regarding this issue. Thereafter, counsel for Blue Matter advised Precision that Blue Matter would not voluntarily produce the requested documents and information.

## ARGUMENT

Where supplemental discovery responses are necessary to determine the plaintiff's damages, such responses are required up to the date of trial. *See*, *e.g.*, *RVC Floor Decor, Ltd. v. Floor & Decor Outlets of Am., Inc.*, No. 18-CV-6449, 2023 WL 2403258, at *12 (E.D.N.Y. Mar. 7, 2023).

Here, Precision's trade secrets claims have survived summary judgment and are set to be tried in just over six weeks. If Precision prevails on those claims, the Company will be entitled to recover as damages, among other things, the amount by which Blue Matter has been unjustly enriched through the misappropriation of Precision's trade secrets. *See Medidata Sols., Inc. v. Veeva Sys., Inc.*, No. 17-CV-589, 2022 WL 585726, at *1 (S.D.N.Y. Feb. 25, 2022) (Defend Trade Secrets Act expressly authorizes a jury to issue a damages award for unjust enrichment). Accordingly, Precision is entitled to up-to-date information concerning the revenue generated by Blue Matter's Market Access business, Blue Matter's provision of Market Access consulting services to Precision Market Access Clients, and materials related to Blue Matter's continued use of Precision's trade secrets. Blue Matter made its last production of documents in this case on February 18, 2021, leaving Precision unable to calculate over four years' worth of damages.

While Precision's Request may have been premature before the Court's decision on the parties' summary judgment motions, that concern is no longer salient. Precision's trade secrets claims are set to be tried imminently and, without updated information on Blue Matter's Market Access business, Precision lacks the necessary information to demonstrate to a jury the amount by which Blue Matter has been unjustly enriched.

Accordingly, Precision now respectfully renews its Request that Your Honor compel Blue Matter to produce the documents and information referenced in (i) and (ii) above and require Blue Matter to search for (using the attached proposed search terms)[4] and produce any documents concerning its continued use of Precision's trade secrets.

Respectfully submitted,

/s/ *Jonathan Stoler*

Jonathan Stoler

Cc:   Counsel of Record (via ECF)

---

[4] Precision reserves the right to propose additional search terms, if necessary, based upon the supplemental discovery produced.

## Proposed Search Terms

Ability /3 pay
Access /3 contingency
Access /3 continuum
Access /3 model!
Access /3 mountain
Access /3 objective
Access /3 projection
Access /3 roadmap
"Access questions"
Definition /3 "access strategy"
Distribution /3 preference!
"Fair market value" /3 methodology
Future /3 oncology
"Interview methodology"
Payer /3 projection
Payer /3 methodology
Quality /3 access
Quantity /3 access
"Say, do, offer"
"Say, do, think"
"S.C.O.R.E."
Segmentation /3 methodology
"Value proposition methodology"
Willingness /3 pay